IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:11-CV-275-BO

| | |
|---|---|
| KHADIRAH MARCH'AT T. EL-BEY and ASARU ALIM N.T. EL-BEY, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) ) |
| CITY OF RALEIGH POLICE DEPARTMENT, J.S. VARNELL, DAVID SHELTON, A.J. MOSER, and M.J. CORSO, | ) ) ) ) ) |
| Defendants. | ) ) |

**ORDER and MEMORANDUM AND RECOMMENDATION**

This pro se case is before the court on the motions to proceed *in forma pauperis* under 28 U.S.C. § 1915(a)(2) (D.E. 1, 2) by plaintiffs Khadirah March'at T. El-Bey and Asaru Alim N.T. El-Bey ("plaintiffs"), and for a frivolity review pursuant to 28 U.S.C. § 1915(e)(2)(B). These matters were referred to the undersigned Magistrate Judge, pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), respectively. The court finds that plaintiffs have adequately demonstrated their inability to pre-pay the required court costs, and their motions are therefore ALLOWED.[1] However, based on the court's frivolity review, it will be recommended that this case be DISMISSED for the reasons stated below.

Plaintiffs' complaint (D.E. 3) consists of a 4-page form completed in handwriting which incorporates by reference an attached 22-page typewritten complaint. In their complaint, plaintiffs allege that on 7 October 2007, in Raleigh, North Carolina, plaintiffs were traveling in a

---

[1] The court notes that plaintiffs appear to have incorrectly listed their average *annual* income for the past 12 months rather than their average *monthly* income in paragraph 1 of the *in forma pauperis* application form. The court's interpretation of the amounts listed as annual figures is consistent with the other financial information provided in the application.

vehicle to a religious class. (Compl. 6). They further allege that they were followed into a parking lot near their destination by a Raleigh police officer who then approached their vehicle. (*Id.*). The officer questioned plaintiffs about their "religious/indigenous (tag/license plate)" and reviewed their identification documents, including badges from a 25 May 2007 United Nations "Indigenous Permanent Forum," which plaintiffs attended as representatives of the United Washitaw Indigenous Nation, and a Right to Travel affidavit issued by the Clerk of the Superior Court of Wake County. (*Id.* 6-7). After the officer questioned the validity of the documents, additional officers arrived on the scene and, in the end, plaintiffs were arrested and cited for possession of false identification, displaying a fictitious registration and license plate, and failure to disperse. (*Id.* 7). The charges were ultimately dismissed on 9 March 2009. (*Id.*). Plaintiffs allege that as a result of this incident their "Constitutional Right to Travel was violated pursuant to the First, Fourth, Fifth and Fourteenth Amendments of the United States Constitution." (*Id.* 15).

The complaint that plaintiffs seek to file in this action is based on the same set of facts that formed the basis of another complaint they previously sought to file in this court. *See Moorish Holy Temple of Science of the World, Temple 2, et al. v. J. S. Varnell, et al.*, No. 5:10-CV-548-BO (case filed 12 Oct. 2010). The complaint in this previous action was dismissed by District Judge Terrence W. Boyle pursuant to a frivolity review on the grounds that the complaint failed to state claims under 42 U.S.C. § 1981, Article VI of the United States Constitution, and 18 U.S.C. §§ 241, 242 and 1964, and that plaintiffs' claims under 42 U.S.C. § 1983 ("§ 1983"), §1985, and §1986 were untimely. (*See* 4 April 2011 Order (D.E. 10), adopting 18 Feb. 2011 Memorandum and Recommendation (D.E. 8)).

While plaintiffs cite to laws, *i.e.*, Constitutional amendments, different from those cited in their previous complaint, they are nevertheless still asserting that the actions of the police officers

on 7 October 2007 violated their constitutional rights, which is a claim under § 1983.[2] Because, as noted above, the court has already concluded that § 1983 claims arising out of the events of 7 October 2007 are barred by the applicable statute of limitations, it will be recommended that this action be dismissed.

For the foregoing reasons, it is RECOMMENDED that this action be DISMISSED.

The Clerk shall send copies of this Memorandum and Recommendation to the respective parties or, if represented, their counsel, who have 14 days, or such other time as the court directs, to file written objections. Failure to file timely written objections bars an aggrieved party from receiving a de novo review by the District Judge on an issue covered in the Memorandum and Recommendation and, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Judge.

This, the 7 day of June 2011.

James E. Gates
United States Magistrate Judge

---

[2] To establish a violation of § 1983, a plaintiff must show, first, that he was deprived of a right guaranteed to him by the United States Constitution or federal law and, second, that defendant acted under color of state law. 42 U.S.C. § 1983; see Flagg Bros., Inc. v. Brooks, 436 U.S. 149, 155 (1978).