IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:11-CV-275-BO

| | |
|---|---|
| KHADIRAH MARCH'AT T. EL-BEY and ASARU ALIM N.T. EL-BEY, Plaintiffs, v. CITY OF RALEIGH POLICE DEPARTMENT, J.S. VARNELL, DAVID SHELTON, A.J. MOSER, and M.J. CORSO, Defendants. | O R D E R |

This matter is before the Court on the Memorandum and Recommendation ("M & R") of United States Magistrate Judge James E. Gates (DE # 4) regarding Plaintiff's motions to proceed *in forma pauperis* (DE #1, 2) and for frivolity review pursuant to 28 U.S.C. § 1915 (e)(2)(B). The Court ADOPTS the M & R and DISMISSES Plaintiff's pro se complaint.

BACKGROUND

On October 7, 2007, the El-Beys were in Raleigh, North Carolina to attend a religious class. Pl.'s Compl. at 2. As they turned into the parking lot of International Cuts Barber Shop, where the class was to take place, Officer Varnell of the Raleigh Police Department followed them into the parking lot and approached their vehicle. *Id.* He said that he found their "religious/indigenous" license plate "interesting," and wanted to ask them a few questions. *Id.*

The El-Beys produced as identification their United Nations badges from the May 25th, 2007 Indigenous Permanent Forum as proof that they were "Public Ministers, Ambassadors, Representatives and Diplomats" for the United Washitaw Indigenous Nation. *Id.* at 3. Asaru El-

Bey also produced a "Right to Travel" affidavit, which was issued by the Clerk of the Superior Court of Wake County, North Carolina. *Id.* Officer Varnell questioned the validity of the documents. *Id.* After approximately ten minutes, several other police cars arrived. *Id.*

By this time, a group of people had assembled outside of the barber shop. *Id.* Some moments later, the officers drew their weapons and ordered the group to stay on the curb while they spoke to the El-Beys. *Id.* Shortly thereafter, the El-Beys were placed in handcuffs and arrested. *Id.* They were cited for possession of false identification, displaying a fictitious registration and license plate, and failure to disperse. *Id.* The El-Beys posted bond and were released. *Id.* The charges were ultimately dismissed on March 9, 2009. *Id.*

The El-Beys filed a complaint on November 29, 2010 in the United States District Court for the Eastern District of North Carolina, alleging that their civil rights were violated when they were falsely arrested and imprisoned. *Id.* at 4. That complaint was dismissed on March 28, 2011 by this Court, pursuant to a frivolity review on the grounds that the complaint failed to state claims under 42 U.S.C. § 1981, Article VI of the United States Constitution, and 18 U.S.C. §§ 241, 242, and 1964, and that the El-Beys' claims under 42 U.S.C. § 1983, § 1985, and § 1986 were untimely. *Id.*; *Moorish Holy Temple of Science of the World, Temple 2 v. J.S. Varnell*, No. 5:10-CV-00548-BO (E.D.N.C. April 4, 2011) (order adopting Memorandum and Recommendation of Magistrate Judge).

The El-Beys then filed this action, alleging violations of their constitutional rights under 42 U.S.C. § 1983, which they articulate as violations by the Raleigh Police Department of their "Constitutional Right to Travel...pursuant to the First, Fourth, Fifth, and Fourteenth Amendments of the United States Constitution." They seek $50,000 in compensatory damages and $50,000 in

2

punitive damages.

## DISCUSSION

The Court adopts the M & R because Plaintiffs have made only frivolous objections to it and because the M & R is not clearly erroneous or contrary to law. 28 U.S.C. § 636 (b)(1)(B).

A complaint is frivolous if "it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). In making a frivolity determination, a court may designate a magistrate judge to submit proposed findings of fact and recommendations. 28 U.S.C. § 636 (b)(1)(B).

A district court is only required to review an M & R *de novo* if the plaintiff specifically objects to it or in cases of plain error. *Id.*; *Thomas v. Arn* 474 U.S. 140, 149-50 (1985). By contrast, *de novo* review is not required when an objecting party makes only general or conclusory objections that do not direct a court to a specific error in the Magistrate Judge's proposed findings and recommendations. *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982) (citing *United States v. Mertz*, 376 U.S. 192 (1964)). Further, when "objections to strictly legal issues are raised and no factual issues are challenged, *de novo* review of the record may be dispensed with. *Orpiano*, 687 F.2d at 47. Here, Plaintiffs contest only the operation of equitable tolling and do not contest any of the Magistrate Judge's proposed factual findings (DE #6).

In this case, the Magistrate Judge committed no plain error. The M & R properly found that Plaintiffs' claims under § 1983 are time barred.

Although the Plaintiffs timely objected to the M & R, their assertion that the "discovery rule" applies to their claims and requires equitable tolling is without merit. Section 1983 actions are subject to the relevant state's statute of limitations for personal injury torts. *Wallace v. Kato*,

3

549 U.S. 384, 387 (2007). In North Carolina, the relevant statute of limitations is three years. N.C. Gen. Stat. § 1-52 (5). An action accrues "when the plaintiff possesses sufficient facts about the harm done to him that reasonable inquiry will reveal his cause of action." *Smith v. McCarthy*, 2009 WL 3451714, at *3, 349 Fed. App'x 851 (4th Cir. Oct. 28, 2009), *cert. denied*, 131 S. Ct. 81 (2010). A claim for false arrest or false imprisonment accrues when the wrongful arrest and detention occur. *Id.* (citing *Wallace*, 549 U.S. at 388). In this case, the El-Beys were arrested on October 7, 2007, and the statute of limitations begins to run from that date. *See id.* As a result, the statute of limitations ran on October 7, 2010 as to the El-Beys' § 1983 claims based on false arrest or false imprisonment. Because the El-Beys first filed their *in forma pauperis* applications and proposed complaint on November 29, 2010, the § 1983 claims are time barred. There is no basis to apply equitable tolling in this case. Therefore, the Plaintiffs' objection is unresponsive to the Magistrate Judge's legal and factual conclusions and the Court adopts the Magistrate Judge's recommendations.

## CONCLUSION

The Court ADOPTS the Magistrate Judge's recommendations (DE # 4). Although Plaintiffs' motions to proceed *in forma pauperis* are ALLOWED, this matter is DISMISSED.

SO ORDERED.

This 18 day of August, 2011.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE